UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20218 SINGHAL

UNITED STATES OF AMERICA,

        Plaintiff,

vs

PEDRO MARRERO SIMON, et al.,

        Defendants.
_____/

**MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821(PART B)**

    Defendant, Mr. Marrero Simon, respectfully moves the Court for a sentence reduction from 48 months to 38 months, pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines. In support of his motion, Mr. Marrero Simon states as follows:

    1. On August 25, 2022, the Court sentenced Mr. Marrero Simon to 72 months' incarceration, based on his conviction for conspiracy to possess with intent to distribute methamphetamine.

    2. Mr. Marrero Simon's calculated guidelines' range, at the time of his original sentencing hearing, was 87 to 108 months' imprisonment, based on a total offense level of 29, in criminal history category I; the court sentenced him approximately 17% below the bottom of the guideline range.

    3. On April 12, 2023, Mr. Marrero Simon's sentence was reduced to 48 months' imprisonment pursuant to Rule 35; approximately a 33% reduction in his sentence.

4. In Part B of Amendment 821 to the United States Sentencing Guidelines, the United States Sentencing Commission lowered the sentencing range for "Certain Zero-Point Offenders." *See* U.S.S.G. App. C, amend, 821; U.S.S.G. § 4C1.1.

5. Parts A and B of Amendment 821 have been made retroactive by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(d).

6. Mr. Marrero Simon is eligible for a two-level reduction to his offense level under Part B of Amendment 821 because he has zero criminal history points and meets all of the criteria under § 4C1.1(a).

7. Such a reduction is consistent with the policy statement in § 1B1.10.

8. Applying a two-level reduction to Mr. Marrero Simon's sentence is consistent with the 18 U.S.C. § 3553(a) factors. Specifically:

**Remorse**

Mr. Marrero-Simon was and remains genuinely remorseful and upset with his poor decisions. Mr. Marrero's early cooperation is the best evidence of his remorse, and is something that this Court should take into account in considering the requested reduction. Mr. Marrero Simon was arrested in April 2021 and a *Kastigar* letter was received by undersigned counsel on May 25, 2021. The very first meeting between Mr. Marrero Simon and the Government occurred via phone on May 27th, 2021. While the COVID-19 pandemic caused some delays with an in-person interview, Mr. Marrero Simon decided to cooperate with the Government before receiving any discovery. He did not test the Government's evidence and accepted responsibility for his actions at a very early stage. Mr. Marrero Simon's timely cooperation "helped induce guilty pleas for certain other co-defendants and conserve prosecutorial and judicial resources in not requiring a jury trial in this case." [D.E. 496]

**The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant.**

Although a serious offense, Mr. Marrero-Simon's involvement in the case did not involve violence or the use of any weapon. Mr. Marrero-Simon was not making a living off of committing crimes; he had stable and lawful employment for a significant time prior to his arrest. [D.E. 319, 418] Further, this has been Mr. Marrero Simon's first time being imprisoned. He was 63 years old at the time and is now 65. Thus, even a 43 month sentence is sufficient, but not greater than necessary, to punish Mr. Marrero Simon, deter future criminal conduct, and protect the community.

**Low Risk of Recidivating.**

Mr. Marrero Simon's risk of recidivism is very low, and a longer term of imprisonment is not necessary to protect society from Mr. Marrero Simon. Non-violent offenders are less likely to recidivate than violent offenders; first time offenders are less likely to recidivate than repeat offenders; those who are employed are less likely to recidivate than those who are not employed; and those who are sentenced to non-jail sentences are less likely to recidivate than those who receive straight jail. *See* U.S.S.C., "Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines", (2004). Mr. Marrero Simon's marks on the aforementioned predict a low level of recidivism. Furthermore, Commission studies show that minimal or no prior involvement with the criminal justice system is a powerful predictor of a reduced likelihood of recidivism. *See* U.S.S.C., "A Comparison of the Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factor Score", at 15 (2005).

9. After applying the two-level reduction to Mr. Marrero Simon's original guidelines, his amended guideline range would be 70 to 87 months.

10. After applying a 17% reduction (accounting for the variance received at his sentencing) from the bottom of the amended guideline range, his sentence would have been approximately 58 months; and after applying a 33% reduction (accounting for the Rule 35) his sentence would have been just under 38 months.

11. Undersigned counsel has conferred with AUSA Sean McLaughlin with regards to this Motion and he has no position at this time.

WHEREFORE, Mr. Marrero Simon respectfully moves this Court to reduce his sentence to 38 months' imprisonment.

Respectfully submitted,

*/s/ Dianne E. Carames*
Dianne E. Carames
Florida Bar No: 68419
Puglisi Caramès
10 Canal Street
Suite 328
Miami, Florida 33166
Tel. 305-403-8063
Dianne@PuglisiCarames.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Dianne E. Carames_____
Dianne E. Carames, Esq.